Edward W. Floyd, Esq.
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016
212.779.9910
efloyd@evw.com

*Attorneys for Plaintiff*

---------------------------------------------------------x
BRITISH MARINE PLC,

                     Plaintiff,

    -against-

AAVANTI SHIPPING & CHARTERING LTD.,
ANIK INDUSTRIES, LTD. f/k/a MADHYA
PRADESH GLYCHEM INDUSTRIES LTD.,
and RUCHI SOYA INDUSTRIES LTD.

                     Defendants.
---------------------------------------------------------x

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil No.:

**VERIFIED COMPLAINT
IN ADMIRALTY & PRAYER FOR
ATTACHMENT UNDER RULE B OF
THE SUPPLEMENTAL RULES FOR
ADMIRALTY OR MARITIME
CLAIMS**

      Plaintiff, British Marine PLC ("British Marine" or "Plaintiff"), by its attorneys, for its complaint against Defendants Aavanti Shipping & Chartering Ltd. ("Aavanti"), Anik Industries, Ltd., formerly known as Madhya Pradesh Glychem Industries Ltd. ("Anik") and Ruchi Soya Industries Ltd. ("Ruchi") (collectively, "Defendants"), upon information and belief, alleges as follows:

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

## PARTIES

2. At all relevant times, Plaintiff was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located at 11 Manchester Square, London, W1U 3PW, United Kingdom.

3. At all relevant times, Defendant Aavanti was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located outside of the United States.

4. At all relevant times, Defendant Anik was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located outside of the United States.

5. At all relevant times, Defendant Ruchi was and still is a corporation or other business entity organized and existing under the laws of a foreign country with an office and place of business located outside of the United States.

**UNDERLYING EVENTS**

6.  As is further described below, Defendant Aavanti entered into a maritime contract of affreightment ("COA") with Plaintiff that called for Aavanti to provide 18 coal cargoes per year, over a five-year term, on vessels to be provided by Plaintiff. Defendants Anik and Ruchi expressly guaranteed performance of the COA. However, the Defendants have failed to perform their obligations by virtue of having failed to nominate and/or provide numerous coal cargoes for the contemplated voyages. (A copy of the COA is annexed hereto as Exhibit 1.)

7.  Specifically, pursuant to the COA, cargoes were to be 50,000 metric tons (MT), 10 percent MOLOO (More or Less Owners' Option) with 18 such cargoes per year being provided by Defendants during a term running from February 1, 2009 for five years until March 31, 2014 and at freight rates and demurrage rates set forth in the COA.

8.  Despite their obligations, Defendants only provided cargoes for 29 voyages and, even with respect to those voyages, Defendants defaulted on their obligations to pay full freight, demurrage, and/or other costs in the amount of at least $106,566.28 and thereby caused Plaintiff to suffer damages in the same amount.

9.  Additionally, despite their obligations, Defendants failed to provide any cargoes for at least 33 voyages thereby causing Plaintiff to suffer damages in an amount of at least $20,281,500.

10. Accordingly, Defendants have breached their obligations under the COA, together with the accompanying performance guarantees, and caused Plaintiff to incur damages which continue to grow and currently total at least $20,388,066.28.

## FIRST CAUSE OF ACTION

11. Paragraphs 1 through 10 of this Complaint are repeated and realleged as if the same were set forth here at length.

12. Defendants Aavanti, Anik and Ruchi have failed to perform their obligations pursuant to the COA and the accompanying performance guarantees and have thereby breached the same.

13. Plaintiff, by reason of the premises, has sustained damages, as best can now be estimated, in the amount of at least $20,388,066.28.

## RULE B ATTACHMENT

14. Paragraphs 1 through 13 of this Complaint are repeated and realleged as if the same were set forth here at length.

15. Pursuant to the terms of the COA, disputes are to be resolved by arbitration in London pursuant to English law. Plaintiff expressly reserves the right to arbitrate the merits of its dispute with Defendants and brings this action solely to obtain *quasi-in-rem* jurisdiction and security for its damages plus interest and the costs for London arbitration.

16. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, property subject to attachment within this District.

17. Specifically, Plaintiff believes that Defendants have, or will shortly have, property subject to attachment within the Southern District of New York because, on information and belief:

4

   a. Defendants are regularly involved in the shipment of various products (including hydrogenated castor oil, hydroxy stearic acid, and soy products) to ports in the United States.  Additionally, the consignee and/or notify and/or carrier parties for such shipments include entities maintaining offices in New Jersey, including: (i) Leschaco, Inc. (with offices at One Evertrust Plaza, 3rd Fl., Jersey City, NJ, 07302); (ii)  Swift Freight (USA) Inc. (with offices at 523 Green Street, Iselin, NJ, 08830); (iii) Ferrara International Logistics, Inc.  (a/k/a Janel Ferrara Group) (with offices at 1319 North Broad Street, Hillside, NJ, 07205); and (iv) Maersk, Inc. (a/k/a Maersk Line) (with offices at 2 Giralda Farms, Madison, NJ, 07940);

   b. Defendant Ruchi's website address is [www.ruchisoya.com](www.ruchisoya.com) and reports identify the server for that website as being located at Fortressitx, LLC (100 Delawanna Avenue, Suite 200, Clifton, NJ 07014); and

   c. Defendant Ruchi markets various food products under the name "Nutrela" and there is an entity named Ruchi Nutrela Limited Liability Company that is engaged in the wholesale grocery business and maintains an office at 2500B Hamilton Boulevard, Plainfield, NJ 07080.  Those offices are apparently shared with an entity called Meenaxi Enterprise, Inc. which has applied for US trademark to cover the word "Nutrela."

  18. The total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims by Plaintiff against Defendants includes: (i) the principal claim in the amount of $20,388,066.28; (ii) interest, which is recoverable in London arbitration, in the amount of at least $719,791.03 as estimated will accrue during the time

necessary to obtain London arbitral awards; and (iii) estimated attorneys fees and disbursements, together with the costs of the arbitration, including arbitrators fees, all of which are recoverable in London arbitration, in the amount of $160,000, for a total claim of $21,267,857.31.

---------------------------------- continued on next page ----------------------------------

WHEREFORE, Plaintiff prays as follows:

1. That process in due form of law according to the practice of this Court may issue against Defendants;

2. That the Court, in accordance with the provisions of Rule B of the Supplemental Rules for Admiralty or Maritime Claims, direct the issuance of Process of Maritime Attachment and Garnishment attaching all assets within the district owned by Defendants or in which Defendants have a beneficial interest up to the amount of $21,267,857.31 (inclusive of the principal amount of $20,388,066.28 together with interest and costs as set forth in paragraph 18 of this Complaint);

3. That judgment be entered against Defendants and in favor of Plaintiff in the amount of $21,267,857.31, plus interest, costs and attorneys' fees; and

4. That the Court grant such other, further and different relief as may be just, proper and equitable.

Dated:  New York, New York
        January 3, 2012

                                        EATON & VAN WINKLE LLP


                                        By: s/ Edward W. Floyd, Esq.
                                            Edward W. Floyd, Esq.

                                            3 Park Avenue
                                            New York, New York 10016
                                            212.779.9910

                                            Attorneys for Plaintiff

## **VERIFICATION**

Edward W. Floyd, Esq., pursuant to the provisions of 28 U.S.C. § 1746, declares and states as follows:

1.      I am an attorney admitted to practice before this Court and am a partner with the firm of Eaton & Van Winkle LLP, attorneys for Plaintiff, and I make this verification on behalf of Plaintiff.

2.      I have read the foregoing complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.  The sources of my knowledge, information and belief are communications received from the Plaintiff and the London solicitors for Plaintiff and an examination of the papers relating to the matters in suit.

3.      The reason this verification is made by the undersigned, and not made by Plaintiff, is that Plaintiff is a foreign corporation or other business entity, no officer or director of which is presently within this District.  I am authorized to make this verification.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        January 3, 2012

                                                ___s/ Edward W. Floyd, Esq._____
                                                        Edward W. Floyd, Esq.