Edward W. Floyd (efloyd@evw.com)
Rita D. Turner (rturner@evw.com)
**EATON & VAN WINKLE LLP**
3 Park Avenue, 16th FL
New York, New York 10016
Telephone:  (212) 779-9910
Facsimile:  (212) 779-9928

*Attorneys for Plaintiff*
*British Marine PLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRITISH MARINE PLC,<br><br>  Plaintiff,<br><br>  v.<br><br>AAVANTI SHIPPING & CHARTERING LTD., ANIK INDUSTRIES, LTD. f/k/a MADHYA PRADESH GLYCHEM INDUSTRIES LTD., and RUCHI SOYA INDUSTRIES LTD.,<br><br>  Defendants. | Civil Action No. 2:13-cv-00075 (WHW)(CLW)<br><br>**DECLARATION OF EDWARD W. FLOYD**<br><br><br><br>*DOCUMENT FILED ELECTRONICALLY* |

**EDWARD W. FLOYD, ESQ.**, of full age, hereby declares as follows:

1.      I am a partner with the law firm of Eaton & Van Winkle LLP, 3 Park Avenue, 16th Floor, New York, New York 10016, counsel to plaintiff British Marine PLC ("BMP") in the above-captioned action, and am licensed to practice before this Court.

2.      I am fully familiar with the facts and circumstances set forth herein.  I submit this declaration in compliance with the Notice of Call for Dismissal, pursuant to Local Civil Rule 41.1(a), filed in this matter on April 15, 2014.  (ECF No. 24.)  Said Notice requested that BMP show good cause why this action should not be dismissed.

3.      As is further discussed below, the central reason why this action should not be dismissed due to inactivity is that this action is a maritime attachment proceeding which seeks to establish *quasi in rem* jurisdiction over the defendants, as well as security for BMP's claims, pending the adjudication of the underlying disputes in other fora.  See the Complaint, ¶¶ 6-10, ECF No. 1.

4.      As such, the lack of docket activity does not reflect inattention to the case or anything else which would warrant dismissal.  As reflected on the docket: (a) the action was filed on January 3, 2013; (b) process of maritime attachment and garnishment was issued on January 15, 2013 and served on January 22, 2013 and January 24, 2013; (c) supplemental process of maritime attachment was issued on April 19, 2013 and served on April 24, 2013; (d) assets were accordingly attached in the hands of garnishee Morre-Tec Industries Inc. as reflected in the garnishee's responsive papers (copies of which are annexed hereto as Exhibit A); (e) notice of said attachment was effected, pursuant to Supplemental Rule B(2), on or about May 16, 2013 pursuant to Supplemental Rule; and (f) on November 21, 2013, failing any appearance, BMP applied to the clerk for entry of default which was entered on the same day, as reflected by Docket Number 23.

5.      As noted above, this is a maritime attachment proceeding commenced pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims.  The Attachment is for the purpose of holding all of defendants' assets within the District of New Jersey for jurisdictional purposes as well as for security in maritime contract disputes between the parties.

6.      The maritime contract disputes (based both upon claims arising from a long-term contract of affreightment, or "COA," and guarantees of the same) are the subject of arbitrations in London, England which is where BMP seeks to resolve those underlying claims. BMP has

also commenced a similar Rule B proceeding before the Eastern District of New York, British Marine PLC v. Aavanti Shipping & Chartering Ltd., *et al.*, Docket No. 13-CV-839 (BMC) (the "EDNY Action").  In the EDNY Action, BMP also asserts *alter ego* allegations based upon the general maritime law of the United States.  Those allegations and other aspects of the case have withstood extensive pre-answer motion practice as reflected in Exhibits B, C and D hereto.  Additional motion practice is now fully briefed and pending decisions in the EDNY Action, as well.

7.     Accordingly, BMP is very actively pursuing all of its claims for relief against all of the defendants.  This action, particularly including the property which has already been attached and any which may be attached in the future, is for jurisdictional and security purposes and we are in the process of investigating additional garnishees as well as assessing the responsiveness of replies given by some other previously served garnishees.

8.      Additionally, once liability and the quantum of damages owed to BMP is determined via the various merits-based proceedings, BMP will seek to have a default judgment, and/or other appropriate relief, entered by this Court.

9.     In light of all the foregoing reasons, on behalf of BMP, I respectfully request that the Court does not dismiss this matter.

I declare under penalty of perjury that the foregoing is true and correct.


Executed On:  April 24, 2014                    /s/ Edward W. Floyd_____
                                                EDWARD W. FLOYD


3